IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Bradley Aaron Bianco, | ) | Civil Action No. 0:18-1870-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Bryan Sterling, Levern Cohen, Casanya Washington, and De Tran, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 33) recommending that Plaintiff's Complaint be dismissed pursuant to Federal Rule of Civil Procedure 41. For the reasons set forth below, the Court adopts the R & R as the Order of the Court and dismisses Plaintiff's Complaint without prejudice.

**I.   Background**

Plaintiff is an incarcerated person proceeding *pro se* with claims brought under 42 U.S.C. § 1983 against officers of the South Carolina Department of Corrections. Plaintiff alleges that his Eighth Amendment right was violated when he was confined at Roseland Correctional Institution. (Dkt. No. 1 at 6.)

**II.   Legal Standard**

The Magistrate Judge makes a recommendation to the Court that has no presumptive weight and the responsibility to make a final determination remains with the Court. *See, e.g.*, *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are no objections to the R & R, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the

recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

## III. Discussion

The Court finds that the Magistrate Judge addressed the issues and correctly concluded that this case should be dismissed as a result of Plaintiff's failure to prosecute his claim. As the Magistrate Judge noted, no party has filed a dispositive motion in this case and the deadline has now passed. Plaintiff was instructed to bring the case into proper form after filing the Complaint (Dkt. No. 9), but multiple orders mailed to Plaintiff have nonetheless been returned as undeliverable because Plaintiff appears to have been released from prison (Dkt. No. 19, No. 26, No. 32). Plaintiff has, therefore, failed to comply with the Magistrate Judge's proper form order.

This lack of response indicates Plaintiff's intent not to continue prosecuting his claim and, therefore, subjects the case to *sua sponte* dismissal. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *Ballard v. Carlson*, 882 F.2d 93, 95-96 (4th Cir. 1989) (district court's dismissal following failure to respond to a specific directive is not abuse of discretion).

For these reasons, the Magistrate Judge appropriately concluded that this action should be dismissed pursuant to Rule 41.

## IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R (Dkt. No. 37) as the Order of the Court. Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

January 29, 2019
Charleston, South Carolina